E. F. ARMSTRONG *vs.* H. B. CUSHNEY.

C. owed J. A. upon an account, and gave his note for a part of it, promising to pay the balance within a specified time. J. A. subsequently transferred the whole account, together with the note, to the plaintiff, by parol. *Held* that the delivery and acceptance of the note were some evidence of the demand, sufficient to make the transfer good as between the parties, although the consideration amounted to fifty dollars.

But that it would not be assumed, without proof, that the consideration amounted to that sum.

Since the code of procedure, the assignee, in such a case, has his election to sue in his own name, upon the note, or upon the original indebtedness. And when he sues upon the original demand, it is sufficient for him to produce and surrender the note upon the trial.

Where, however, there is a transfer of the note without a contemporaneous transfer of the account for which the note is given, the account, *it seems,* is extinguished.

MOTION for a new trial upon exceptions ordered to be heard in the first instance at a general term. The plaintiff, as assignee of her son Joseph S. Armstrong, claimed to recover the balance of an account for goods sold and delivered to the defendants. The complaint alleged that Joseph S. Armstrong, for value received, sold and assigned the demand to the plaintiff. The defendant in his answer alleges that on the 20th day of April, 1862, he settled the demand by giving his note to Joseph S. Armstrong for $100, payable six months after date, which note is still outstanding and unpaid.

On the trial Joseph S. Armstrong testified that he drew off the account and presented it to the defendant, and the defendant gave his note for $100 with interest at six months, and agreed to send him the money for the balance, $44.54, within thirty days. He further testified that the note was not taken in full payment of the account, and that the next day after taking it he assigned the note and account to the plaintiff. That there was no written transfer, but the same was delivered to him. The plaintiff was about to testify as to the consideration of the assignment, when he was stopped by the judge, and the question was overruled, upon the ground that the *bona fides* of the assignment had not been impeached. To this decision the plaintiff's counsel excepted. The plaintiff thereupon tendered and offered to surrender the note and rested. No evidence was introduced by the defendant. The defendant moved the court to nonsuit the plaintiff, because, (1.) The assignment was not in writing; (2.) Because there was a special agreement, and the action should have been for breach of it; and (3.) Because the note not being negotiable could not be surrendered, or if it could be, it should have been surrendered before the action was commenced. The motion was granted, to which decision the plaintiff's counsel excepted.

*Geo. F. Bicknell,* for the plaintiff.

*H. B. Cushney,* defendant, in person.

*By the Court,* Morgan, J. I will examine these objections in the order in which they are presented by the defendant. And *first,* as to the necessity of a written assignment of the demand in question. No authority is cited to sustain this objection. The demand was doubtless a "chose in action," within the meaning of the statute of frauds. (2 *R. S.* 136, § 3.) Here there was a delivery and acceptance of the note, which was some evidence of the demand, and this

would make the sale and transfer good, even as between the parties to it. (*Id.* § 3, *sub.* 2.) It does not, however, appear that the consideration amounted to fifty dollars, nor but that the plaintiff at that time paid some portion of it. (*Id.* § 3, *sub.* 3.) Perhaps if the judge had allowed the question to be answered, as to "what was the consideration of the assignment," it would have appeared that it did not amount to fifty dollars. The question having been objected to by the defendant, it will not be assumed that the answer would have aided him in disproving the validity of the transfer.

The two next objections may be considered together, and they present the question, whether since the code authorizing the assignee and owner of a demand to prosecute for it in his own name, the present plaintiff can surrender the note given for a portion of the account and sue the defendant for the original demand. Formerly there would have been a technical difficulty in his way, as the action must have been brought in the name of the assignor. As the law was before the code, if the note had been negotiable, the plaintiff might have sued upon that, but not upon the original account, although formally assigned to him. But since the code I do not see any objection to a suit in the name of the assignee, for the original demand, provided it is assigned to him contemporaneously with the note. When, however, there is a transfer of the note without a transfer of the account for which it is given, the account, it seems, is extinguished. And it seems the transfer of the note merely does not transfer an interest in the account, so as to entitle the assignee to sue upon it. (*Battle* v. *Coit,* 19 *Barb.* 68.)

The evidence given upon the trial, and which was uncontradicted, would I think have authorized the jury to find as a matter of fact, that the assignment was of both the note and the original account. It was assumed upon the motion for a nonsuit that the note was not negotiable. Hence by the law as it existed before the code, the suit upon the note as well as upon the account must have been in the name of

the assignor. In such a suit I see no reason why the plaintiff could not maintain an action upon the original account by surrendering the note upon the trial. And when the original account is assigned with the note, there is no reason now why the suit may not be maintained, with the same effect, by the assignee.

It is also competent for the original parties to separate the account into two items of indebtedness, and the giving of the note for a portion of it, under the circumstances detailed in the evidence, did not interfere with the collection of the balance. If the assignor had not transferred the demand, it is apparent that after the note fell due he might have maintained a suit upon the original account, by producing the note on the trial, to be canceled. As the evidence in this case would have authorized the jury to find that the note and account never belonged to different parties, but that the account for which the note was given was assigned to the plaintiff with the note, I am of opinion that it was competent for the assignee to sue the account, and that he might recover in this action by producing and cancelling the note upon the trial.

After all, the objection is one of form, for if the plaintiff could not recover so much of the account as the note covered, he could have sued upon the note in one count, and for the balance of the indebtedness in another count. Upon the hypothesis that the assignment was of the whole account as well as of the note, the action was well brought, and the objections of the defendant should have been overruled.

There is nothing in the claim made by the defendant that the note should have been delivered up before the commencement of the action. That is only required when the suit proceeds upon the basis of a rescission of the contract. The giving of the note was not a payment of the account; nor did its transfer to the plaintiff operate as payment, being negotiated together, to the same party by the same act. It has been too often decided in this state to require the cita-

tion. of authorities, that the simple note or promise of the debtor is not a payment of a precedent debt. While the note remains in the hands of the original creditor it merely suspends the remedy on the original demand until its maturity; and then the creditor has his election to sue upon the note or upon the original indebtedness. And when he sues upon the original demand it is sufficient for him to produce and surrender the note upon the trial.

. I am opinion, therefore, that a new trial should be granted, costs to abide the event.

Ordered accordingly.

[ONONDAGA GENERAL TERM, October 4, 1864. *Morgan, Bacon* and *Foster*, Justices.]